[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Jason Bernhardt was tried and convicted of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1). In his sole assignment of error, Bernhardt asserts that his conviction was based on insufficient evidence. We disagree.
During the trial, the arresting officer testified that he stopped Bernhardt's car because there was an outstanding warrant for Bernhardt's arrest on a charge of possession of drug Cparaphernalia. The officer testified that, as he arrested Bernhardt, he noticed the smell of marijuana in the car. The officer also testified that he performed an inventory search of Bernhardt's car in connection with Bernhardt's arrest and discovered a pipe in the front seat. When asked if there was anything else in the car that "should not be," Bernhardt replied that there were three more pipes in the trunk of the car. The officer recovered all four pipes and testified at trial that they smelled of marijuana. The officer stated that he was trained in drug detection and identification, and had made over seventy arrests involving marijuana in the prior year. But, the state did not enter any laboratory analysis positively identifying residue from the pipes.
In reviewing a claim that a conviction is not supported by sufficient evidence, the appellate court must review the evidence in a light most favorable to the prosecution, and determine whether any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt.[1] In the present case, R.C. 2925.14(C)(1) required the state to prove two essential elements beyond a reasonable doubt. First, the state had to prove that Bernhardt possessed drug paraphernalia. Second, the state had to prove that Bernhardt possessed the drug paraphernalia with the intent to use it to ingest a controlled substance. There is no doubt that the state's evidence was sufficient with respect to the first element. R.C. 2925.14A(12) broadly defines drug paraphernalia to include a wide assortment of pipes.
Discerning Bernhardt's intent is more problematic. Had the state positively identified any residue from the pipes as marijuana by laboratory testing, then the trial court would have been justified in inferring Bernhardt's intent to use the pipes to ingest a controlled substance.[2] But, even where residue found in drug paraphernalia is not tested, and is positively identified at trial as marijuana by a trained and experienced officer, evidence sufficient to support a conviction has been held to exist.[3] Similarly, where an untested substance is found in proximity to drug paraphernalia, and an experienced officer positively identifies the substance as a controlled substance, courts have held that sufficient evidence exists to support a conviction.[4] Where, however, the arresting officer has not seen the defendant engaged in a drug transaction or does not find a readily identifiable controlled substance, and where there is no residue in the paraphernalia to be tested or otherwise identified by an expert, courts have reversed a conviction for possession of drug paraphernalia.[5] In one case, the conviction was reversed despite an officer's testimony that a pipe smelled like marijuana.[6]
While it is a closer issue than if the state had performed the appropriate laboratory testing, we affirm the trial court's judgment. We hold that, on the facts of this case, a rational trier of fact could have found the essential elements of possession of drug paraphernalia proven beyond a reasonable doubt. There was additional evidence apart from the testimony of the experienced officer who identified the odor of marijuana emanating from the pipes. Bernhardt's car also smelled of marijuana. Furthermore, the officer was cognizant of Bernhardt's outstanding warrant for possession of drug paraphernalia. Finally, when asked if there was anything else in the car that should not have been there, Bernhardt told the officer about three additional pipes located in the trunk of the car.
Therefore, we affirm the judgment of the trial court. Further, a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 ________________________ Gorman, P.J.
Painter and Sundermann, JJ.
[1] See State v. Kershaw (1999), 132 Ohio App.3d 243, 248,724 N.E.2d 1176, 1180, quoting State v. Waddy (1992), 63 Ohio St.3d 424,430, 588 N.E.2d 819, 825, quoting Jackson v. Virginia (1979), 443 U.S. 307,319, 99 S.Ct. 2781, 2789.
[2] See State v. Dell (July 31, 2000), Butler App. Nos. CA99-06-102 and CA99-07-118, unreported; State v. Foster (Feb. 25, 2000), Montgomery App. No. 17860, unreported; State v. Blackburn (Nov. 3, 1995), Hocking App. No. 95CA01, unreported; State v. King (Jan. 25, 1995), Lorain App. No. 94CA005809, unreported.
[3] See Logan v. McKinney (Feb. 20, 1997), Hocking App. No. 95CA12, unreported.
[4] See State v. Casto (Sep. 13, 2000), Medina App. No. 2976-M, unreported; Toledo v. Forshey (July 14, 2000), Lucas App. No. L-99-1231, unreported.
[5] See Bowling Green v. Mt. Castle (Feb. 27, 1998), Wood App. No. WD-97-056, unreported; State v. Smith (Jan. 7, 1994), Clark App. No. 3013, unreported.
[6] See Bowling Green v. Mt. Castle (Feb. 27, 1998), Wood App. No. WD-97-056, unreported.